UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LOGAN MCDAVID, et al., | |
| Plaintiffs, | Case No. 3:24-cv-236 |
| v. | Judge Travis R. McDonough |
| ANDERSON COUNTY, et al., | Magistrate Judge Debra C. Poplin |
| Defendants. | |

**MEMORANDUM AND ORDER**

Before the Court is a pro se complaint under 42 U.S.C. § 1983 brought by prisoner Logan McDavid on behalf of himself and eleven other inmates (collectively, "Plaintiffs") (Doc. 1), along with Plaintiff McDavid's motion for leave to proceed *in forma pauperis* (Doc. 2). For the reasons set forth below, the Court will disallow permissive joinder of the Plaintiffs, dismiss all Plaintiffs other than Plaintiff McDavid, and permit Plaintiff McDavid to proceed *in forma pauperis* in this action as the sole Plaintiff.

**I.     JOINDER DISALLOWED**

Rule 20(a)(1) of the Federal Rules of Civil Procedure allows the permissive joinder of plaintiffs in a single action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). The joinder of parties is "strongly encouraged" for purposes of judicial economy and fairness where it is appropriate. *United Mine Workers of*

*America v. Gibbs*, 383 U.S. 715, 724 (1966). There are, however, significant practical problems with allowing multiple-plaintiff prisoner litigation. *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. Sept. 20, 2009). Such problems include the "need for each plaintiff to sign every pleading," the fact that prisoner litigants are "notably transitory," the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)," and the fact that multiple-plaintiff litigation "often results in pleadings being filed on behalf of plaintiffs without their consent." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. Sept. 20, 2009) (citations omitted). These unique factors in prisoner cases "make joint litigation exceptionally difficult." *Id*. The Court finds the practical problems of multiple-plaintiff litigation cited above counsel against the permissive joinder of Plaintiffs, and Plaintiffs will not be allowed to proceed jointly in this action.

While the Court may sever Plaintiffs from this case and allow them to each proceed separately, the Court has concerns about doing so *sua sponte*. *See* Fed. R. Civ. P. 21. First, only Plaintiff McDavid signed the complaint, and the complaint appears written in his hand only (Doc. 1). Therefore, the complaint contravenes the Federal Rules of Civil Procedure with regard to the remaining Plaintiffs. *See* Fed. R. Civ. P. 11(a) (requiring each pro se party to personally sign every filing). And because only Plaintiff McDavid signed the complaint or contributed to its contents, the Court declines to find that any other Plaintiff initiated a civil action. *See* Fed. R. Civ. P. 3 (providing that "[a] civil action is commenced by filing a complaint with the court"). Therefore, because of the uncertainty as to which Plaintiffs desire to pursue this litigation and the need for each Plaintiff to personally sign his own pleadings, Plaintiffs Herring, Matthews,

Barlow, Stinson, McKinney, Bulla, Sanders, Heatherly, Hill, Hartley, and Garland are **DISMISSED** from this action without prejudice.

If any of these dismissed Plaintiffs desires to proceed in a separate § 1983 action, he must file (1) a § 1983 complaint, signed personally, containing a short and plain statement of his claims, and (2) either pay the filing fee or submit a proper application to proceed *in forma pauperis*.[1] Therefore, the Court **DIRECTS** the Clerk to send Plaintiffs Herring, Matthews, Barlow, Stinson, McKinney, Bulla, Sanders, Heatherly, Hill, Hartley, and Garland each a § 1983 form and the proper documents to seek leave to proceed *in forma pauperis*. **However, each Plaintiff dismissed by this Order should return these documents to the Court only if he wishes to initiate an individual § 1983 action**.

## II. PLAINTIFF MCDAVID'S MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff McDavid's motion for leave to proceed *in forma pauperis* (Doc. 2) and accompanying documents (Doc. 3) that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (Doc. 2) is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three

---

[1] Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee **or** he must file (1) an application to proceed *in forma pauperis* without prepayment of fees **and** (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2) (emphasis added).

hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

Further, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the Prison Reform Litigation Act, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the complaint and/or any motions filed before the Court has completed this screening.

Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**