UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LOGAN MCDAVID, | )<br>) |
| Plaintiff, | ) Case No. 3:24-cv-236<br>) |
| v. | ) Judge Travis R. McDonough<br>) |
| ANDERSON COUNTY, et al., | ) Magistrate Judge Debra C. Poplin<br>) |
| Defendants. | )<br>)<br>) |

**MEMORANDUM OPINION**

Plaintiff Logan McDavid, an inmate in the custody of the Tennessee Department of Correction ("TDOC") incarcerated in the Anderson County Detention Facility ("ACDF"), is proceeding pro se and *in forma pauperis* in a civil rights action under 42 U.S.C. § 1983 (*see* Doc. 7). Plaintiff's complaint is before the Court for screening in compliance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915A and 1915(e), to determine whether it states a justiciable claim. For the reasons set forth below, the Court will **DISMISS** the complaint for failure to state a claim upon which relief may be granted.

**I.    SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for

failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

## II. ALLEGATIONS OF COMPLAINT

On February 8, 2024, Plaintiff and eleven other inmates were transferred to the ACDF to serve their "respective TDOC sentences" (Doc. 1, at 3–4). These inmates did not receive mattresses until February 16, 2024. (*Id*. at 4). Plus, many of the inmates received small, torn blankets that were "so dilapidated that they were of little or no use." (*Id.*) The inmates complained to ACDF officers and were told that the administration was aware of the problem. (*Id.*) But when no remedy was offered, the inmates filed grievances. (*Id.*) Eight days after their arrival, the inmates were finally provided mattresses, though many of them still had to use the small, dilapidated blankets. (*Id.*)

Aggrieved, Plaintiff filed the instant action against Defendants Anderson County, the Anderson County Sheriff's Office, Captain Vowell, Deputy Roberts, and Deputy Guerrido, seeking monetary, declaratory, and injunctive relief. (*Id*. at 5).

## III.   ANALYSIS

### A.   All Defendants are Entitled to Dismissal

To state a claim against any Defendant for relief under 42 U.S.C. § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. But the Anderson County Sheriff's Office is not a "person" subject to liability under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))). Accordingly, Plaintiff cannot maintain suit against the Anderson County Sheriff's Office, and this Defendant will be **DISMISSED**.

And to state a claim against any individual Defendant, Plaintiff must adequately plead that the particular Defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Plaintiff's complaint advances no allegations that Defendants Vowell, Roberts, or Guerrido, were involved in the events forming the basis of Plaintiff's complaint, and these Defendants will be **DISMISSED**.

This leaves the Court to consider Anderson County as a Defendant. To hold Anderson County liable for any of the constitutional violations alleged, Plaintiff must adequately plead that

"a policy or well-settled custom of the [County] was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corrections Corp. of America*, 419 F. App'x 622, 627 (6th Cir. 2011); *Monell*, 436 U.S. at 708 (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Here, Plaintiff alleges only that Anderson County has a "practice of denying mats to inmates" upon their arrival at the ACDF. (Doc. 1, at 5). But this conclusory allegation is insufficient to impose municipal liability on Anderson County. *See Iqbal*, 556 U.S. at 678 (citing T*wombly*, 550 U.S. at 557). Accordingly, Defendant Anderson County will be **DISMISSED**.

### B. Plaintiff's Allegations Fail to State a Claim

Even though Plaintiff has not named a Defendant who may be held liable in this action, the Court considers the merits of Plaintiff's allegations out of an abundance of caution. The Court begins by noting that while inmates are not guaranteed "'comfortable prisons,'" they are protected against "'inhumane ones,'" and "'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id*. (quoting *Farmer*, 511 U.S. at 828).

The deliberate-indifference inquiry consists of two parts. *Id*. at 839–40 (citations omitted). First, the objective prong requires an inmate to show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 840 (quoting *Farmer*, 511 U.S. at 834). Second, the subjective prong requires that "an official must 'know of and disregard an excessive risk to inmate health or safety.'" *Id*. (alterations omitted) (quoting *Farmer*, 511 U.S. at 837).

But "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Instead, "[r]outine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Thus, only "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" violate a prisoner's rights under the Eighth Amendment. *Id.* (citations and internal quotation marks omitted). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Rhodes*, 452 U.S. at 347.

The eight-day deprivation of a mattress, in the absence of physical injury, does not deprive an inmate of "the minimalized civil measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Bodman v. Dennis*, No. 14-1316, 2015 WL 13927074, at *2 (6th Cir. Mar. 31, 2015) (holding that being "required to sleep on a pallet on the floor and not allowed a shower for eight days" does not violate the Eighth Amendment); *Grissom v. Davis*, 55 F. App'x 756, 758 (6th Cir. 2003) (finding no Eighth Amendment violation where plaintiff "neither alleged nor presented any evidence that the seven-day mattress restriction deprived her of basic human needs or caused her to suffer serious harm"); *Jones v. Toombs*, 77 F.3d 482, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996) ("The defendants did not violate Jones's Eighth Amendment rights by depriving him of a mattress for a two[-]week period."); *Schroeder v. Kaplan*, No. 93-17123, 1995 WL 398878, at *2 (9th Cir. July 7, 1995) (requiring prisoner to sleep on floor for a four-week period without use of mattress does not violate the Eighth Amendment). Plaintiff does not

5

allege that he experienced any physical injury because he did not receive a mattress for eight days, and therefore, this allegation fails to state a claim.

Neither does Plaintiff state a constitutional claim by alleging that inmates were provided thin, small, worn-out blankets. First, Plaintiff does not allege any facts suggesting that the blankets were so inadequate as to deprive the inmates of their basic need for warmth, so as to state a cognizable constitutional claim. *See Wilson v. Seiter*, 401 U.S. 294, 304 (1991); *Grubbs v. Bradley*, 552 F. Supp. 1052, 1122–23 (M.D. Tenn. 1982) (holding "constitutionally adequate housing is not denied simply by uncomfortable temperatures inside cells, unless it is shown that the situation endangers inmates' health"). Equally important, Plaintiff does not allege that he was one of the inmates provided a small, thin, and/or dilapidated blanket, and he cannot assert the constitutional rights of other inmates. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners"). Accordingly, Plaintiff's allegations regarding the blankets at the ACDF likewise fail to give rise to a constitutional issue.

## IV. CONCLUSION

For the reasons set forth above, the Court will **DISMISS** Plaintiff's complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

/s/ *Travis R. McDonough*
TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE